IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JEVON SEWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv658-ID |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

In a supplemental answer filed pursuant to this court's orders, the government argues, among other things, that Sewell's § 2255 motion was filed after expiration of the applicable one-year limitation period and is therefore time-barred. (Doc. No. 17.)

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment in Sewell's criminal case was entered by the district court on October 21,

2005. (Gov. Exh. I.) Sewell appealed to the Eleventh Circuit, and the appellate court affirmed his conviction on February 23, 2007. (Gov. Exh. J.) Sewell did not seek certiorari review in the Supreme Court. Therefore, his conviction became final, for the purpose of 28 U.S.C. § 2255, on May 24, 2007, i.e., 90 days after the Eleventh Circuit's affirmance of his conviction. *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); Sup.Ct.R. 13(1) and (3). Thus, for the purpose of § 2255(f)(1), Sewell had until May 24, 2008, to file a timely § 2255 motion. The instant § 2255 motion, however, was not filed until July 8, 2010.

Sewell claims that § 2255(f)(3) is the relevant subsection for determining the timeliness of his motion and that the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009), created a newly recognized right retroactively applicable to his case. The government maintains that even assuming arguendo that *Chambers* created a new retroactively applicable right, Sewell's § 2255 motion is nevertheless untimely, because it was filed more than a year after the Supreme Court's January 13, 2009, decision in *Chambers*. (Doc. No. 17 at 17-18.)

The government further maintains that, in light of the recent en banc decision of the Eleventh Circuit in *Gilbert v. United States*, No. 09-12513, 2011 WL 1885674 (11th Cir. May 19, 2011) (en banc), Sewell cannot demonstrate that he was "actually innocent" of being a career offender for the purpose of U.S.S.G. § 4B1.1, because his claim of sentencing error relates only to the calculation of his sentencing guidelines and the sentence he attacks does

not exceed the statutory maximum. (Doc. No. 17 at 18-19.) Therefore, argues the government, the one-year limitation period must be applied to Sewell's § 2255 motion, thereby barring a merits-based review of his claims. The government further argues that all claims in Sewell's § 2255 motion are procedurally barred because were presented in his direct appeal and decided adversely to Sewell by the Eleventh Circuit. *See United States v. Nyhuis*, 21 F.3d 1340, 1343 (11th Cir. 2000). (Doc. No. 17 at 20.) Finally, the government argues that Sewell's claims that (1) the methamphetamine he was convicted of possessing was improperly characterized as "Ice" for the purpose of sentencing and (2) the two-point enhancement for committing the offense while still under a sentence was improperly applied lack merit and do not provide Sewell with a basis for relief. (*Id*. at 22-23.)

Under the circumstances of this case as outlined herein, it appears to the court that the one-year limitation period contained in 28 U.S.C. § 2255 expired before Sewell filed his § 2255 motion. Accordingly it is

ORDERED that on or before July 7, 2011, Sewell shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period for filing § 2255 motions, and for the other reasons set forth by the government in its supplemental answer.

Done this 15th day of June, 2011.

    /Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE