IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JEVON SEWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10cv658-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a *pro se* motion by federal inmate Timothy Jevon Sewell ("Sewell") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

## I.  BACKGROUND

On June 10, 2004, a jury found Sewell guilty of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; possession with intent to distribute methamphetamine, in violation of 21 U.S.C § 841(a)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  On October 21, 2005,

---

[1] Sewell originally filed an untitled pleading with this court challenging his sentence based on the Supreme Court's decision in *Chambers v. United States*, 555 U.S. 122 (2009).  Finding that Sewell's challenge was properly brought under 28 U.S.C. § 2255 and that his pleading should be treated as a § 2255 motion, this court afforded Sewell the opportunity to do one of the following: (1) proceed before the court pursuant to 28 U.S.C. § 2255 on the claims presented in his motion; (2) amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wished to challenge his conviction and sentence; or (3) withdraw his motion.  *See Doc. Nos. 2, 4, and 6*. Sewell decided to proceed under 28 U.S.C. § 2255 and filed an amended § 2255 motion asserting claims in addition to his original claim.  *See Doc. Nos. 3, 5, and 9*.

Sewell was sentenced as career offender under U.S.S.G. § 4B1.1[2] to 250 months' imprisonment to be followed by five years of supervised release. Sewell appealed to the Eleventh Circuit Court of Appeals, and on February 23, 2007, that court affirmed his conviction and sentence.[3] The Eleventh Circuit issued its mandate on March 26, 2007.

On July 8, 2010, Sewell filed this § 2255 motion,[4] which he later amended. In his

---

[2]In order to be a career offender under U.S.S.G. § 4B1.1, a defendant must have been at least eighteen years old at the time the defendant committed the instant offense of conviction, the instant offense of conviction must be either a crime of violence or a controlled substance offense, and the defendant must have had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a).

Under the sentencing guidelines, a "crime of violence" is defined as a felony under federal or state law that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

[3]*See United States v. Sewell*, 218 Fed.Appx. 900 (11th Cir. 2007) (unpublished). On direct appeal, Sewell argued that (1) the evidence was insufficient to sustain his conspiracy conviction; (2) the trial court's jury instruction on the elements of conspiracy did not adequately address the substance of his requested "buyer-seller" instruction; (3) the trial court erred in admitting highly prejudicial evidence in violation of Federal Rule of Evidence 403; (4) the trial court erred in overruling his motion regarding the Government's failure to file for a downward departure based on cooperation pursuant to U.S.S.G. § 5K1.1(1); and (5) the trial court erred in sentencing him because (a) it found his prior Alabama conviction for second-degree escape qualified as a "crime of violence" for purposes of applying the career offender guidelines, U.S.S.G. § 4B1.1, (b) his 250-month sentence was unreasonable, (c) the finding that the methamphetamine related to his case was "Ice" for sentencing purposes was not made by the jury and he therefore should have been sentenced based on less than 50 grams of regular methamphetamine, and (d) the two-point enhancement added to his criminal history points due to his violation of his proffer with the Government was erroneous.

[4]To the extent that Sewell's original pleading was recharacterized as a § 2255 motion, the court considers the date on which he appears to have mailed the pleading as the filing date for his § 2255 motion. Sewell did not date the pleading, although the accompanying envelope was postmarked July 8, 2010. The pleading was date-stamped as "received" by this court on July 30, 2010. However, the court considers the earlier date – July 8, 2010 – as the date of filing for the pleading (i.e., the § 2255 motion). *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

2

§ 2255 motion as amended, Sewell presents the following grounds for relief:

1. He is entitled to re-sentencing without application of the career offender enhancement because his prior Alabama conviction for second-degree escape is no longer a "crime of violence" under the career offender guideline in light of *Chambers v. United States*, 555 U.S. 122 (2009).

2. The methamphetamine he was convicted of possessing was improperly characterized as "Ice" for the purpose of sentencing.

3. The two-point sentence enhancement under U.S.S.G. § 4A1.1(d) for committing his offense while still under a sentence was improperly applied in his case.

*See Doc. Nos. 1 and 9.*

The Government argues that Sewell's § 2255 motion was filed after expiration of the applicable one-year limitation period and is therefore time-barred. *Doc. No. 17.* In addition, the Government maintains that all claims in Sewell's § 2255 motion are procedurally barred because they were presented in his direct appeal and decided adversely to him. *Id*. See *United States v. Nyhuis*, 21 F.3d 1340, 1343 (11th Cir. 2000). For the reasons that follow, the court finds that Sewell's § 2255 motion is untimely and that his claims are therefore barred from review.

## II.  DISCUSSION

**A.     Timeliness**

   *1.     28 U.S.C. § 2255(f).*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions. *See Goodman v. United*

*States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255 provides that the one-year limitation period shall run from the latest of :

>(1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Sewell filed a direct appeal with the Eleventh Circuit Court of Appeals, and that court affirmed his conviction and sentence on February 23, 2007. Sewell did not seek certiorari review in the United States Supreme Court. Therefore, his conviction became final, for the purpose of 28 U.S.C. § 2255, on May 24, 2007 – i.e., 90 days after the Eleventh Circuit's February 23, 2007, judgment affirming his conviction and sentence. *See Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003); Sup.Ct.R. 13(1) and (3); *see also Stewart v. United States*, 646 F.3d 856, 857 (11th Cir. 2011) . Thus, for the purpose of § 2255(f)(1), Sewell had until May 24, 2008, to file a timely § 2255 motion. His § 2255 motion, however, was not filed until July 8, 2010, more than two years after expiration of the one-year limitation period. Consequently, his motion is time-barred unless one of the following is true: (1) the limitation period in his case began to run at a date later than May 24, 2007,

4

under § 2255(f)(2)-(4); (2) the limitation period was equitably tolled; or (3) application of the limitation period in his case results in a fundamental miscarriage of justice.

Sewell argues that § 2255(f)(3) provides the limitation period in his case because, he says, the Supreme Court in *Chambers v. United States*, 555 U.S. 122 (2009), created a newly recognized right applicable to his case. *Chambers* holds that a felony conviction for "failure to report" for penal confinement is not a "violent felony" under the Armed Career Criminal Act. *Chambers*, 555 U.S. at 123. Sewell contends that, pursuant to *Chambers*, his prior Alabama conviction for escape used in determining his status as a career offender would not now qualify as a "crime of violence" for application of the career offender enhancement.[5] Relying upon § 2255(f)(3), Sewell argues that his § 2255 motion is timely. These arguments are without merit.

First, for Sewell to avail himself of the date of the *Chambers* decision to establish the timeliness of his motion under § 2255(f)(3), he must demonstrate that *Chambers* applies retroactively to a case on collateral review. *Chambers* includes no statement from the Supreme Court that the decision applies retroactively to a case on collateral review. Moreover, no binding Eleventh Circuit decision requires retroactive application of *Chambers*

---

[5]*Chambers* examined the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"). However, because the definition of a "crime of violence" for application of the career offender enhancement under U.S.S.G. § 4B1.2 is virtually identical to the definition of "violent felony" under the ACCA, the same analysis is used to determine whether a prior conviction qualifies as a "violent felony" under the ACCA or a "crime of violence" under U.S.S.G. § 4B1.2(a)(1)-(2). *United States v. Williams*, 609 F.3d 1168 (11th Cir. 2010). *See also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("This court has repeatedly read the definition of a 'violent felony' under § 924(e) of the Armed Career Criminal Act as 'virtually identical' to the definition of a 'crime of violence' under U.S.S.G. § 4B1.2.").

to Sewell's § 2255 motion, and Sewell cites no binding legal authority to support his contention that *Chambers*'s date is the appropriate trigger for the federal limitation period in determining the timeliness of his § 2255 motion.

Even assuming, arguendo, that *Chambers* applies retroactively, Sewell's § 2255 motion is nevertheless untimely under § 2255(f)(3), because it was filed more than a year after the Supreme Court's January 13, 2009, decision in *Chambers*. As discussed above, Sewell filed his § 2255 motion on July 8, 2010, around 18 months after *Chambers* was decided by the Supreme Court.

Sewell asserts that because he is federal custody with "very limited access to newly released cases," his ability to timely file a § 2255 motion was frustrated. *Doc. No. 21 at 3*. He also argues that he was prevented from filing a timely motion because of "time restraints" for inmates, deficiencies in the prison law library, limitations on his movement in prison, and his transit status "for several months during the file date."[6] Sewell alleges nothing, however, to indicate that any of these matters were in violation of the Constitution or law of the United States. Therefore, he has not shown that the limitation period in his case began to run at a date later than May 24, 2007, under § 2255(f)(2).

Sewell also argues that § 2255(f)(4) provides the limitation period in his case. However, he alleges no new facts that were not known to him at the time of sentencing, only intervening case law (i.e., the *Chambers* decision); this does not satisfy the requirements of

---

[6]Sewell does not set forth particular dates during the limitation period when he was in transit.

§ 2255(f)(4).

Sewell fails to find safe harbor in any of the provisions of § 2255(f)(2)-(4). Therefore, his § 2255 motion is untimely and federal review is precluded absent equitable tolling or a demonstration of a fundamental miscarriage of justice.

### 2. *Equitable Tolling*

The one-year limitation period for filing a § 2255 motion may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004). Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

The facts asserted by Sewell do not warrant equitable tolling. Ignorance of the law and lack of legal assistance, which in effect is what Sewell is asserting with his inadequate-

law-library claim, generally do not warrant equitable tolling. *See Helton v. Secretary for Dept. of Corrections*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (denying equitable tolling to inmate whose prison library allegedly lacked copies of relevant law); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (inmate not entitled to equitable tolling when he was ignorant of the law and filing deadline due to inadequate prison library); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2005) (finding that an inadequate law library does not constitute a "rare and exceptional" circumstance warranting equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Moreover, a change in the law – for example, a change in the law like that effected by *Chambers* – is not an extraordinary circumstance warranting equitable tolling. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir.2007). Finally, the record fails to reflect that Sewell exercised due diligence in pursuing his claims. He could have filed a § 2255 motion raising any argument well before he actually filed his motion.

For the reasons indicated, this court concludes that Sewell is not entitled to equitable tolling of the limitation period. Consequently, review of his motion is precluded unless he can demonstrate a fundamental miscarriage of justice.

**B.     Fundamental Miscarriage of Justice: "Actual Innocence"**

Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and

8

would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Sewell challenges the trial court's application of the Sentencing Guidelines, a non-constitutional issue that provides no basis for collateral relief. *See Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc) ( "*Gilbert* II").

To the extent Sewell's motion can be read to assert the argument that he is "actually innocent" of the career offender enhancement,[7] he cannot obtain relief. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a § 2255 motion. *United States v. Montano*, 398 F .3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Sewell stands convicted. *See Gilbert* II, 640 F.3d at 1293 ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement ... applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."). *See also McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), *Bido v. United States*, 438 Fed.Appx. 746 (11th Cir. Jul. 20, 2011), and *Orso v. United States*, 452 Fed.Appx. 912 (11th Cir. Jan. 17, 2012) (applying *Gilbert* II and rejecting the petitioners' claims that they were actually innocent of the career offender enhancement).

---

[7]Throughout his pleadings, Sewell mistakenly identifies 18 U.S.C. § 924(e) – the Armed Career Criminal Act — as the source of his sentence enhancement. However, Sewell actually received the career offender guideline enhancement, U.S.S.G. § 4B1.1, applied to his sentence. Sewell's classification as a career offender under § 4B1.1, although increasing his guidelines range, did not increase his sentence above the otherwise applicable statutory maximum. The Eleventh Circuit has also held that errors in application of the sentencing guidelines are subject to the ordinary rules of procedural default as long as the sentence imposed does not exceed the statutory maximum sentence that would have been applied absent the error. *See Gilbert v. United States*, 640 F.3d 1293, 1306 (11th Cir. 2011) (en banc) ( "*Gilbert* II")

Because the Eleventh Circuit has made clear that errors in application of the sentencing guidelines – and specifically in application of the career offender guideline – do not constitute "fundamental miscarriage[s] of justice" or satisfy the "actual innocence" exception to the ordinary rules of procedural default, *see McKay*, 657 F.3d at 1200; *Bido*, 438 Fed.Appx. at 748; *Orso*, 452 Fed.Appx. at 914-15, Sewell's claim that he was erroneously sentenced as a career offender is barred from review, as are all the claims presented by Sewell in his § 2255 motion.

Under the circumstances outlined herein, 28 U.S.C. § 2255(f)(1) provides the limitation period applicable to Sewell's § 2255 motion. That limitation period expired on May 24, 2008, more than two years before Sewell filed his § 2255 motion. Sewell's § 2255 motion is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 13, 2012.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 29th day of June, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE